UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:11-CV-37

**JOSEPH MARTIN**                                                                                   **PLAINTIFF**

v.

**WESTERN KENTUCKY UNIVERSITY,** *et al.*                              **DEFENDANTS**

**MEMORANDUM OPINION**

This matter is before the Court upon the Defendants' Motions for Summary Judgment. Sodexo's Mot. Summ. J., Docket Number ("DN") 19; WKU's Mot. Summ. J., DN 20. The Plaintiff filed a single Response to both motions. Pl.'s Resp., DN 21. The Defendants filed separate Replies. Sodexo's Reply, DN 22; WKU's Reply, DN 23. The motions are now ripe for adjudication. For the following reasons, the Defendants' motions are GRANTED on the Plaintiff's federal cause of action, while the state law claims are REMANDED to the Circuit Court of Warren County, Kentucky.

**BACKGROUND**

The Plaintiff, Joseph Martin ("Martin"), is a former employee of Western Kentucky University ("WKU"). Martin filed this employment retaliation and discrimination case against WKU and Sodexo Operations, LLC, Sodexo Management, Inc., and Sodexo, Inc., (collectively "Sodexo") in the Warren County Circuit Court on February 10, 2011. Notice of Removal, DN 1, ¶ 1. All four of Martin's causes of action are asserted against WKU, but only two of those four have been levied against Sodexo. The causes of action are as follows. First, Martin alleges that WKU violated KRS § 342.197 by terminating his employment in retaliation for filing a workers' compensation claim. Compl., DN 1-1, ¶ 9. Second, Martin broadly asserts that WKU's actions violated "the Kentucky Civil Rights Act and the Americans with Disabilities Act, and Plaintiff

1

claims damages under the same." *Id.* at ¶ 15.  Third, Martin claims that through a conspiracy between WKU and Sodexo, the Defendants worked together "to formulate a plan to terminate Mr. Martin." *Id.* at ¶ 13.  Finally, Martin sues WKU and Sodexo because their conduct was "so egregious, intentional and reckless as to give rise to a claim for intentional infliction of emotional distress." *Id.* at ¶ 12.

Sodexo removed to this Court pursuant to 28 U.S.C. § 1441 on March 7, 2011.  Notice of Removal, DN 1.  Removal was based on the Court's jurisdiction under 28 U.S.C. § 1331.  *Id.* at ¶ 4.  The case was removable because Martin expressly asserted a federal cause of action against WKU under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*

Following discovery, WKU and Sodexo separately moved for summary judgment on all of Martin's claims.  Sodexo's Mot. Summ. J., DN 19; WKU's Mot. Summ. J. DN 20.  In his Response, Martin concedes that the Defendants' statement of the facts underlying his workers' compensation claim is "essentially correct[.]"  Pl.'s Resp., DN 21-4, p. 2.  Although Martin continues to maintain that he was terminated in retaliation for filing a workers' compensation claim, his Response is completely void of and lacks any argument or evidence in support of his causes of action arising under the ADA or the Kentucky Civil Rights Act ("KCRA").  Furthermore, Martin's Response is equally silent on the issue of the intentional infliction of emotional distress ("IIED") and the Defendants' alleged conspiracy to terminate his employment.  Because Martin no longer pursues a federal cause of action under the ADA, the Court finds that he has conceded this claim and will dismiss it.  Upon dismissal of the federal claim, Martin's remaining causes of action are based only on Kentucky law, and Kentucky's courts are the proper place to adjudicate those claims.  Accordingly, the Court, pursuant to 28 U.S.C. § 1367(c), will decline supplemental jurisdiction over the remaining state law claims and

will remand them to Warren County Circuit Court.

## STANDARD

The United States District Courts have "federal question" jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  In addition to federal question jurisdiction, the district courts have "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).  Thus, a district court is granted jurisdiction to hear causes of action arising under state law so long as those claims "form part of the same case or controversy" giving rise to the court's federal question jurisdiction.

Although the district courts are granted supplemental jurisdiction under 28 U.S.C. § 1367(a), they may, in their discretion, decline to exercise that jurisdiction for the reasons listed in 28 U.S.C. § 1367(c).  Specifically, a district court may decline jurisdiction over a supplemental state law claim once the court "has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3).  The Sixth Circuit holds that "'if the federal claims are dismissed before trial . . . the state claims should be dismissed as well." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993) (quoting *Taylor v. First of Am. Bank-Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992)).  When deciding whether to decline jurisdiction under § 1367(c)(3), a district court must weigh a number of factors and "should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Id.* (citing *Aschinger v. Columbus Showcase Co.*, 934 F.2d 1402, 1412 (6th Cir. 1991)).  If a district court declines jurisdiction over a supplemental state law claim, it must dismiss the case - if an original federal action - or remand to the state court from

which it was removed.

## DISCUSSION

WKU and Sodexo move for summary judgment on all of Martin's causes of action. The Court finds that the Defendants are entitled to summary judgment on Martin's federal cause of action and declines to exercise supplemental jurisdiction over the remaining state law claims.

1. **Martin has conceded his federal cause of action under the Americans with Disabilities Act.**

Martin's Complaint alleges that WKU violated the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* Compl., DN 1-1, ¶ 15. In their motions for summary judgment, the Defendants argue that there is no evidence giving rise to a genuine dispute regarding whether WKU wrongfully terminated Martin's employment because of a disability. Sodexo's Mot. Summ. J., DN 19-1, pp. 21-26; WKU's Mot. Summ. J., DN 20-1, pp. 13-14. Martin's Response fails to address the Defendants' ADA arguments and is altogether silent on the issue. The Court finds that he has conceded the ADA cause of action and will dismiss it.

If some portion of Martin's Response may be construed as addressing the ADA claim, however, the Court additionally finds that he has failed to meet his burden under Federal Rule of Civil Procedure 56. Under Rule 56, a court must grant summary judgment if the moving party shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In responding to a motion for summary judgment, the non-moving party must present evidence upon which the trier of fact could reasonably find in his favor. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). The non-moving party presents such evidence by "citing to particular parts of materials in the records, including deposition, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or

other materials[.]" Fed. R. Civ. P. 56(c)(1)(A).  In the alternative, the non-moving party can also attempt to show "that the materials cited [by the moving party] do not establish the absence . . . of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B).  In the case at bar, Martin's Response is so devoid of any reference or citation to the record that the Court could not possibly find that he has established the presence of a genuine dispute under the ADA.  The Court will not search the record and make Martin's case for him.  Martin bears the burden of proving to the Court that a genuine dispute exists and has failed to do so.  Based on the evidence presented in their motions, the Defendants are entitled to judgment as a matter of law on Martin's claim under the Americans with Disabilities Act.

   **2. The remaining state causes of action are remanded to the Warren County Circuit Court.**

The Court has found that the Defendants are entitled to summary judgment on Martin's ADA claim.  In doing so, the Court has dismissed the cause of action giving rise to its federal question jurisdiction.  As such, only state law claims remain and they include: 1) a claim against WKU for violation of the Kentucky Civil Rights Act, 2) a claim against WKU for retaliatory discharge under Kentucky's Workers' Compensation Act, 3) a claim against WKU and Sodexo for the intentional infliction of emotional distress, and 4) a claim against WKU and Sodexo for conspiring to terminate Martin's employment.  Under 28 U.S.C. § 1367(c), a district court may decline jurisdiction where it has dismissed the claims giving rise to federal question jurisdiction.  As stated above,  Sixth Circuit precedent guides that "'if the federal claims are dismissed before trial . . . the state claims should be dismissed as well." *Landefeld*, 994 F.2d at 1182 (quoting *Taylor*, 973 F.2d at 1287).

When deciding whether to decline supplemental jurisdiction a district court "should

consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Id.* (citing *Aschinger*, 934 F.2d at 1412).  In the present case, all of these considerations counsel remand to state court. First, judicial economy weighs in favor of remand.  At this stage in the litigation the discovery deadline has passed and the Court has only been minimally involved in the proceedings up to this point.  Remand will conserve the resources of the Judiciary without prejudicing either party. Second, the danger of multiplicity of litigation is negligible because all necessary parties are before the Court and will remain before the Warren County Circuit Court on remand.  Finally, and weighing most significantly in the Court's considerations, the remaining causes of actions are state law claims that would be needlessly decided by this Court should it retain jurisdiction. Martin's primary cause of action, and the predominate issue in this case, is whether WKU violated KRS § 342.197 by terminating his employment in retaliation for filing a workers' compensation claim.  Workers' compensation statutes are unique to the states, and state courts are well-versed, competent, and experienced in handling such claims.  By retaining jurisdiction over the workers' compensation claim, this Court would be needlessly deciding a state law issue. Finally, the other remaining claims for violation of the KCRA, IIED, and conspiracy all arise under Kentucky law and should be decided by Kentucky's courts.

## CONCLUSION

The Defendants have separately moved for summary judgment on all causes of action asserted by the Plaintiff.  The matter was removed to this Court based on its federal question jurisdiction because the Plaintiff asserted a cause of action under the Americans with Disabilities Act.  For the reasons stated above, the Defendants' Motions for Summary Judgment are GRANTED on the federal cause of action.  Because the Court has dismissed all federal claims,

the remaining causes of action arise only under state law.  Pursuant to 28 U.S.C. § 1367(c)(3), the Court declines supplemental jurisdiction over the remaining claims, and they are REMANDED to the Warren County Circuit Court.  An appropriate order shall issue.